FERGUSON, Circuit Judge:
The debtors, Dr. and Mrs. Johnson, appeal from the district court’s reversal of the bankruptcy court’s order awarding them attorney’s fees incurred in opposing the creditors’ unsuccessful motion for relief from the automatic stay. Because the bankruptcy court awarded attorney’s fees in a relief from stay action, the disposition of which was governed entirely by federal law, pursuant to a state law which applied only to actions “on a contract,” we affirm the district court’s reversal of this award.
I
The Johnsons purchased from the Righ-etti family a parcel of land which comprises a cattle ranch. The Righettis hold a promissory note secured by a first deed of trust against this parcel.
In November 1982, after ceasing to make payments to the Righettis under the promissory note, the Johnsons filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code. In May 1983, the Johnsons still had not made any payments to the Righettis and the Righet-tis filed a request for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), to foreclose upon their deed of trust. The Johnsons began payments again in July 1983. The bankruptcy court denied the Righettis’ request for relief from the automatic stay and awarded attorney’s fees to the Johnsons as the prevailing party under California Civil Code section 1717.
The Righettis appealed the bankruptcy court’s decision to the district court. The district court affirmed the denial of the request for relief from the automatic stay but reversed the award of attorney’s fees to the Johnsons. The Johnsons appeal the district court’s order denying them attorney’s fees.[1]
II
The bankruptcy court awarded the John-sons attorney’s fees incurred in opposing the Righettis’ motion for relief from the automatic stay. It based this award upon California Civil Code section 1717. Section 1717 provides:
In any action on a contract, where the contract specifically provides that attorney’s fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to costs and necessary disbursements.
Cal.Civ.Code § 1717(a) (emphasis added). Because the promissory note and deed of trust securing it provided that the John-sons would pay any attorney’s fees or costs the Righettis incurred in enforcing them, the bankruptcy court found section 1717 *740 applicable and awarded attorney’s fees to the party prevailing in the motion for relief from the automatic stay — i.e., the John-sons.
The district court reversed the award of attorney’s fees, finding that the bankruptcy court had ignored the opening phrase of section 1717 in awarding such fees in stay proceedings. On its face, section 1717 applies only to actions “on a contract.” The district court held that a request for relief from the automatic stay, brought under 11 U.S.C. § 362(d), is an action based on a federal statute and not on a contract.
The question for determination here, then, is whether a motion for relief from an automatic stay pursuant to 11 U.S.C. § 362(d) is an “action on a contract” to which California law should be applied. Although the Righettis were seeking relief from the automatic stay in order to foreclose under the deed of trust, both case law and the nature of stay relief proceedings support the conclusion that stay relief proceedings are not actions “on a contract” to which California law . should be applied. See In re Coast Trading Co., 744 F.2d 686, 693 (9th Cir.1984) (“the question of the applicability of the bankruptcy laws to particular contracts is not a question of the enforceability of a contract but rather involves a unique, separate area of federal law”). Cf. In re Fulwiler, 624 F.2d 908 (9th Cir.1980) (nondischargeability proceeding in bankruptcy is not one in tort or contract to which state law providing for attorney’s fees should apply).
After a debtor files a Chapter 11 petition, he is protected by the automatic stay provision of 11 U.S.C. § 362(a) until an adequate plan takes hold. See Revisor’s Note to 11 U.S.C. § 362. See also In re BBT, 11 B.R. 224, 232 (Bankr.D.Nev.1981). To obtain relief from an automatic stay, a creditor may bring a request pursuant to 11 U.S.C. § 362(d). Section 362(d) provides:
On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).
Stay litigation is limited to issues of the lack of adequate protection, the debt- or’s equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. In re Cedar Bayou, Ltd., 456 F.Supp. 278, 284 (W.D.Pa.1978). The validity of the claim or contract underlying the claim is not litigated during the hearing. The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim. In re Essex Properties, Ltd., 430 F.Supp. 1112 (N.D.Cal.1977). See S.Rep. No. 989, 95th Cong., 2d Sess. 55, reprinted in 1978 U.S.Code Cong. & Ad. News, 5787, 5841. Thus, the state law governing contractual relationships is not considered in stay litigation.[2]
State law, therefore, is not ordinarily applied by the bankruptcy court to an action brought pursuant to 11 U.S.C. § 362(d). The Righettis’ action, brought pursuant to 11 U.S.C. § 362(d), was predicated solely upon a federal statute and California state law was. not applied to any of the substantive issues involved. Thus, the bankruptcy court should not have applied the state substantive law awarding attorney’s fees in this case. It is true that *741 the bankruptcy court has authority to apply either state substantive law or federal substantive law, but the choice depends on the nature of the action involved. See, e.g., In re Sparkman, 703 F.2d 1097, 1100 (9th Cir.1983) (because California state law governed the substantive issues involved in Sparkman’s counterclaim filed in proof of claim litigation, it was appropriate to award attorney’s fees under state statute); In re Sonoma V, 23 B.R. 789, 796 (Bankr. 9th Cir.1982) (when a federal bankruptcy court exercises jurisdiction over a dispute involving state law (breach of contract action), state law with respect to attorney’s fees applies). When, as here, federal and not state law governed the substantive issues involved in the Righettis’ motion, the bankruptcy court should not have awarded attorney’s fees pursuant to a state statute. Cf. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975) (award of attorney's fees in federal litigation reversed as contrary to the “American Rule” followed by federal courts under which attorney’s fees are not recoverable by prevailing litigant in the absence of contrary federal statutory authorization— however, in diversity cases where state law governs, state provisions for such fees may be applied).
The Johnsons contend that this circuit applied section 1717 in a bankruptcy case, In re Eastview Estates II, 713 F.2d 443 (9th Cir.1983), brought under a federal statute — i.e., 11 U.S.C. § 502(b)(1). Section 502(b)(1), however, provides that a court “shall allow” a claim, proof of which has been filed, “except to the extent that ... such claim is unenforceable against the debtor ... under any ... applicable law....” 11 U.S.C. § 502(b)(1). Thus, in proof of claim litigation under 11 U.S.C. § 502(b)(1), the validity of the claim is determined under state law. Such is not the case in stay litigation under section 362(d). Indeed, in In re Eastview Estates II, the allowability of the brokers’ claims against the estate under section 502(b)(1) turned on whether the brokers had a commission agreement enforceable under California law. 713 F.2d at 447. Because California law was applied to determine the substantive issues in that case, the court then applied California Civil Code section 1717 in determining the award of attorney’s fees. Id. at 451. Thus, the principal case relied upon by the Johnsons is not dispositive in this case. The question is whether state law governed the substantive issues of the case. In an action “on the contract,” state law necessarily would, but this was not an action “on the contract.”
Therefore, because federal law governs the disposition of this relief from stay action, it should also govern disposition of the attorney’s fee issue in this case. No federal statute provides for an allowance of attorney’s fees to debtors in circumstances such as in this ease.[3] Furthermore, there is no evidence or allegation of bad faith or harassment on the part of the Righettis. See In re Fulwiler, 624 F.2d 908, 910 (9th Cir.1980). Thus, because in the absence of a federal statute to the contrary, federal courts follow the “American Rule,” under which attorney fees are not recoverable by the prevailing litigant, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 269-71, 95 S.Ct. 1612, 1616, 1627-29, 44 L.Ed.2d 141 (1975), the Johnsons are not entitled to recover the attorney fees incurred in opposing the request for relief from the automatic stay.
The district court’s decision denying the Johnsons their attorney fees was therefore correct. A request for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) is not an “action on a contract” to which state substantive law would be applied but *742 an action on a federal statute to be decided according to federal law.
The order of the district court is AFFIRMED.

. Because the order confirming the plan and discharging the debtors has been issued by the bankruptcy court, all proceedings in bankruptcy court are over. Therefore, because the final order has already occurred, In re Mason, 709 F.2d 1313, 1316 (9th Cir.1983), we need not determine here whether an award of attorney’s fees in an action for relief from the automatic stay is a final order appealable to this court. 28 U.S.C. § 1293(b).

. Furthermore, when a party requests relief from the automatic stay he is not necessarily seeking to foreclose under a contract. Such an action could be brought by one seeking to proceed upon an alleged personal injury claim against the debtor or a variety of other claims not based on contract.

. The Johnsons argue that because the Righettis may have been able to recover attorney’s fees under 11 U.S.C. § 506(b), the debtors should be allowed to recover their attorney’s fees. This argument is inapposite. Section 506(b) concerns only the award of attorney’s fees to ov-ersecured creditors with a contractual right to reimbursement and is not applicable to the Johnsons. See In re Carey, 8 B.R. 1000, 1002-04 (Bankr.S.D.Cal.1981) (court did not construe section 506(b) to incorporate state law on the availability of attorney’s fees).