### In the Matter of Hector L. DIAZ FIGUEROA & Jenny Rivera Pantoja, Debtors.

### Bankruptcy No. 86–01786(SEK).

United States Bankruptcy Court, D. Puerto Rico.

June 26, 1989.

Juan F. Esteves, Hato Rey, P.R., for Metropolitana.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

The issue before the Court is whether Metropolitana de Préstamos, Inc., a secured creditor, may recuperate $150.00 of Attorney's fees in this case.

The uncontested facts show that Banco Popular de Puerto Rico loaned $6,221.07 to codebtor Jenny Rivera Pantoja. (the loan) Payment of the loan was guaranteed by a duly registered Retail Installment Sales Contract (the contract). Banco Popular filed a claim # 10 in this case on January 21, 1987, the last day to file claims. On March 10, 1987 the Court approved Debtor's September 30, 1986 Plan as modified in open Court. Under the confirmed plan Debtors would pay the loan installments directly to the secured creditor.

On June 15, 1987, after the last day to file claims had elapsed, Metropolitana de Préstamos, Inc. (Metropolitana) filed claim # 13 attaching an assignment of the loan executed by Banco Popular de P.R. The Trustee filed an administrative disposition of claim # 13, indicating he would not pay it because it was time barred, unless the Creditor opposed the same. Metropolitana then filed an Informative Motion indicating the Trustee was denying its "notice" of substitution of creditor which it accomplished by filing claim # 13 with its attachment. Since Banco Popular's claim was timely, Metropolitana's claim, as assignee of Banco Popular, was also timely. On September 22, 1987 Metropolitana asked the Court to substitute it as the creditor in claim # 4 (sic. it should be # 10) filed by Banco Popular. This Motion was granted as per footnote order entered on October 15, 1987.

On September 28, 1988 Metropolitana de Préstamos refused to accept the last installment of $170.00 plus $25.00 of late charges, because this Creditor required payment of $150.00 for attorney's fees which Debtor refused to pay.

Metropolitana claims $150.00 for attorney's fees for the following reasons:

1. Metropolitana referred the case to its Atty. Juan F. Esteves, who filed the mention motions in response to Trustee's administrative disposition of its claim # 13;

2. He appeared on behalf of Metropolitana to oppose the consignment proposed by the Debtors.

Under 11 U.S.C. Section 506, a secured creditor is entitled to certain attorneys fees and expenses if there is equity in the property encumbered by its credit and the agreement creating the guarantee of payment provides for such payment. As stated in 3 *Collier on Bankruptcy* Section 506.05 (15th Ed.):

"In cases in which the holder of an allowed secured claim has been found to have collateral therefor in excess of the amounts of principal and prepetition interest on such claim and any recovery under section 506(c) with respect thereto, the courts have in almost every instance allowed the holder as an additional part of its secured claim postpetition interest and reasonable fees, costs and charges as provided for under the applicable agreements....

Postpetition interest, fees, costs and charges are not allowable under section 506(b), notwithstanding the existence of adequate collateral, in the absence of any contractual provision thereto...."

Paragraph B(7) of the Retail Installment Sales Contract provides in the Spanish language as follows:

"... el Comprador se obliga y se compromete a ... (7) pagar gastos y honorarios cuando el Tenedor refiera este contrato a un abogado, que no sea empleado del tenedor para acción de reposesión o cobro por la vía judicial hasta las cantidades permitidas por ley o reglamento."

Under the terms of the Contract, Metropolitana is not entitled to the attorneys' fees requested because it did not refer the case to its Attorney for the purpose of collecting the loan by judicial means or instituting an action for repossession of the automobile. Rather, it was referred to Mr. Esteves to defend against the Trustee's disposition of claim # 13, which disposition might never had been filed if Metropolitana had complied with Bankruptcy Rule 3001.

WHEREFORE, Metropolitana's request for attorneys' fees is hereby DENIED. The Clerk is hereby ordered to deliver the funds in its custody as per money order attached to the Motion for Consignment to Metropolitana once this order becomes final.

The Clerk will notify this Order.