**In re Gary T. RUBOTTOM, June L. Rubottom, Debtors.**

**Bankruptcy No. 391–31383–H11.**

United States Bankruptcy Court, D. Oregon.

June 23, 1992.

Tim Zimmerman, Portland, Or., for creditor.

David D. Park, Portland, Or., for debtor.

Robert W. Myers, Portland, Or., trustee.

## OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court on the debtor's objection to the allowance of the amended claim of Metropolitan Mortgage ("Metropolitan"). Metropolitan holds an oversecured claim in this case by virtue of a note secured only by security interest in the debtor's principal residence pursuant to a trust deed with an attorney fees clause.[1] The debtor's chapter 13 plan proposed to pay the note in full after its due date.

Metropolitan objected to confirmation of the proposed plan and filed a motion for

---

**1.** The trust deed provides in paragraph 6 that the grantor agrees: "To pay all costs, fees and expenses of this trust including the costs of title search as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation and trustee's attorney's fees actually incurred."

relief from stay. Both the objection to confirmation and the motion for relief were based on Metropolitan's contention that bankruptcy law did not allow the debtor to stay Metropolitan's foreclosure efforts beyond the maturity date of the note. See 11 U.S.C. § 1322(b)(2); *In re Seidel,* 752 F.2d 1382 (9th Cir.1985); *In re Vanasen,* 81 B.R. 59 (Bankr.D.Or.1987); and *In re Rubottom,* 134 B.R. 641 (9th Cir.BAP 1991).

Metropolitan's objections to confirmation were ultimately successful on appeal and the motion for relief was not pursued after the debtor converted the case to a chapter 11 case. Metropolitan amended its claim to include post petition attorney fees for litigating the objection and motion. Metropolitan also sought to add certain insurance premium advances and interest on the insurance premiums advanced.

The parties have agreed that the insurance premiums and interest thereon should not be allowed. Thus, the only remaining issue is the allowance of the attorney fees incurred by Metropolitan in objecting to confirmation and filing the motion for relief from stay.

Metropolitan contends that it is an oversecured creditor and that under 11 U.S.C. § 506(b), it is entitled to attorney fees as provided in the agreement.[2] Metropolitan apparently argues that its efforts in the bankruptcy court were taken to enforce the provisions of the subject contract, specifically, the provision concerning the maturity date of the note. Metropolitan contends that since it is oversecured and was enforcing the provisions of the contract, it is entitled to attorney fees pursuant to § 506(b) and the contract.

The debtor objects to the allowance of attorney fees on the ground Metropolitan is not entitled to post petition attorney fees

for litigating "issues peculiar to federal bankruptcy law" under the rule announced in *In re Fobian,* 951 F.2d 1149, 1153 (9th Cir.1991). The debtor characterizes Metropolitan's efforts as ones peculiar to bankruptcy and therefore not compensable.

In *Fobian,* a chapter 12 debtor's plan proposed to pay a certain sum over time to a secured creditor in full satisfaction of the claim or to return the collateral in full satisfaction of the debt. The creditor in *Fobian* objected on the ground the debtor's plan failed to provide for its unsecured claim as required by § 1225(a)(4).[3] The bankruptcy court overruled the creditor's objection and confirmed the plan. The creditor appealed. The Bankruptcy Appellate Panel ("BAP") reversed the bankruptcy court's order of confirmation and the Ninth Circuit Court of Appeals affirmed the BAP's ruling.

After affirming the BAP's ruling in *Fobian,* the Ninth Circuit turned to the issue of attorney fees. In refusing to award fees to the successful creditor, the court stated that "where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Id.* at 1153.[4] The court cited *In re Coast Trading Co.,* 744 F.2d 686 (9th Cir.1984) and *In re Fulwiler,* 624 F.2d 908 (9th Cir.1980) in support of its holding.

The final case cited by the Ninth Circuit in support of its holding is *In re Johnson,* 756 F.2d 738 (9th Cir.1985). The *Fobian* court summarizes *Johnson* as follows: "because creditor's request for relief from the automatic stay pursuant to Section 362(d) was not an 'action on the contract,' debtor was not entitled to attorneys' fees for de-

---

**2.** 11 U.S.C. § 506(b) provides:

"To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

**3.** Section 1225(a)(4) provides:

"[T]he court shall confirm a plan if the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date...."

**4.** Neither of the parties seeks an award of fees on the grounds of bad faith or harassment.

fense against the request." *Fobian* at 1153.[5]

Metropolitan argues that *Fobian* dealt with attorney fees sought by an undersecured creditor. Since § 506(b) only applies to "oversecured" creditors, Metropolitan reasons that undersecured creditors are not allowed to recover fees regardless of the issues litigated. Thus, Metropolitan argues that the broad language about attorney fees in *Fobian* is dicta and not binding on this court.

While Metropolitan's analysis of the law is persuasive, its interpretation of *Fobian* is not. Although it appears the creditor in *Fobian* was undersecured, it also appears that such was not the basis for the court's ruling. Nowhere in the opinion does the court mention the language of § 506(b) nor the implication that undersecured creditors are not entitled to recover attorney fees under that section. If such were the basis for the ruling, surely this reasoning would have been made clear.

Instead, it appears the holdings of the Ninth Circuit have been fairly consistent from *Fulwiler, Coast Trading* and *Johnson* in the 1980's to *Fobian* in 1991: No creditor or debtor will be allowed attorney fees for litigating issues related to a contract if those issues are "peculiar to bankruptcy." [6]

It should be noted that there is merit in Metropolitan's contention and this court does not consider Metropolitan's argument to be frivolous. Outside of bankruptcy, if an agreement contains an attorney fee clause, a creditor (such as a vendor, mortgagee, trustee of a trust deed, payee, lessor, franchisor, etc.) can receive attorney fees as provided in the agreement without the need to find support in a statute. A

prayer for attorney fees in an action or suit on the agreement is merely a request that the terms of the agreement be enforced. It is not necessary that the creditor rely upon O.R.S. 20.096 or any other statute.

O.R.S. 20.096 was not enacted to limit what the parties might define in their agreement as circumstances giving rise to recovery of attorney fees. Thus, if the agreement provided for attorney fees to obtain relief from stay in a bankruptcy case, O.R.S. 20.096 would not render such an agreement void.

On the other hand, the debtor (such as a vendee, mortgagor, grantor of a trust deed, payor, lessee, franchisee, etc.) in an action or suit brought by the creditor might not be entitled to recover attorney fees by relying on the provision for attorney fees in the agreement because its literal language might only apply for the benefit of the creditor. O.R.S. 20.096 was enacted to level the playing field so that if the agreement provides for attorney fees, such fees may be recovered by the prevailing party whether that party is the creditor or the debtor and in spite of the fact that the language of the attorney fees clause speaks only of the creditor.

In this case, since the express language of the attorney fee clause in the note and trust deed specifically applies for the benefit of Metropolitan and Metropolitan prevailed, O.R.S. 20.096 (and the phrase "action on a contract" contained therein) is not applicable. The only questions should be whether Metropolitan is oversecured under § 506(b) and whether the contractual language in this case is broad enough to include fees for actions taken in the bankruptcy court.

---

5. In *Johnson,* the court was interpreting a California statute that is very similar in language and, apparently, identical in effect, to O.R.S. 20.096. Both statutes, for example, use the phrase "action on a contract."

6. The creditor cites *Matter of 268 Limited* 789 F.2d 674 (9th Cir.1986) to illustrate that the Ninth Circuit Court of Appeals recognizes an oversecured creditor's right to attorney fees (as provided in a contract) for litigating bankruptcy issues. The debtor points out, however, that in

*268 Limited* the primary issue was the reasonableness of the fee and not the creditor's right to fees. In *268 Limited,* the court does not mention *In re Coast Trading* and *In re Fulwiler,* both of which preceded *268 Limited* and both of which dealt with the issue at hand.

Moreover, to the extent *268 Limited* stands for the proposition that fees may be allowed to oversecured creditors under § 506(b), it seems to have been implicitly overruled by the more-recent and more-pointed opinion in *Fobian.*

There seems no dispute that Metropolitan is oversecured. The contract in question provides that the trustee is entitled to attorney fees "in connection with or in enforcing this obligation...." This language is broad enough to include actions such as were taken in the bankruptcy court to enforce the provisions of the contract concerning the maturity date of the note.

Further support for Metropolitan's position may be found in Collier's on Bankruptcy. In discussing whether post petition interest, fees and costs will be allowed under § 506(b), Collier's writes:

> In cases in which the holder of an allowed secured claim has been found to have collateral therefor in excess of the amounts of principal and prepetition interest [footnote 2 omitted] on such claim and any recovery under section 506(c) with respect thereto, the courts have in almost every instance allowed the holder as an additional part of its secured claim postpetition interest and reasonable fees, costs and charges as provided for under the applicable agreements [footnote 3 omitted here but discussed below.] Although the cases decided under the 1978 Code have also uniformly disallowed such interest, fees, costs and charges as secured claims when the value of the collateral is less than the amount of principal and prepetition interest [footnote 4 omitted], there is still substantial authority for the proposition that contractually-based unsecured claims for prepayment premiums and reasonable attorneys' fees may be allowed if such contractual rights are enforceable under applicable state law [footnote 5 omitted]. *Collier's on Bankruptcy*, 15th Ed. pp. 506–41–42, ¶ 506.05.

In footnote 3 (mentioned above) Collier's cites 30 cases for the proposition that "the courts have in almost every instance" allowed postpetition attorney fees, costs or interest to oversecured creditors if the agreement so contemplates. The author then states in footnote 3:

> "[I]solated cases have improperly carved-out exceptions from the application of 11 U.S.C. § 506(b). * * * *Johnson v. Righetti* (*In re Johnson*), 756 F.2d 738, 741 n. 3, 12 C.B.C.2d 573 (9th Cir.), *cert. denied*, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985)." [Some citations omitted.]

Thus, in addition to the logic of its argument, Metropolitan finds support in the most-recognized treatise on bankruptcy law.

This court, however, is bound by the holdings of the Ninth Circuit Court of Appeals. In *Johnson*, the court did not allow fees to the debtor for successfully defending the creditor's motion for relief from stay because a motion for relief from stay was not an "action on a contract." Thus, it appears that, even if the creditor in *Johnson* had prevailed, the court would not have allowed attorney fees. *Johnson* at 740.

In *Fobian*, the court was not concerned with the language of attorney fees clause in the contract or whether the creditor was oversecured under § 506(b). Instead, the creditor was not allowed attorney fees for successfully litigating an objection to confirmation because an objection to confirmation was not a "basic contract enforcement question." *Fobian* at 1153.

Since Metropolitan seeks fees for litigating the same issues (relief from stay and objections to confirmation), the result must be the same. Therefore, upon presentation by the debtor's counsel, the court will enter an appropriate order sustaining the debtor's objections to Metropolitan's claim and allowing the claim subject to the limitations discussed herein.