In re **Albert T. VAILLANCOURT and Melissa A. Vaillancourt,** Debtors.

Albert T. **VAILLANCOURT and Melissa A. Vaillancourt,** Plaintiffs,

v.

Valarie J. **MARLOW and Mathias R. Brickler, Sr.,** Defendants.

Bankruptcy No. 5–93–00339.
Adv. No. 5–93–0235.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

April 18, 1996.

Joseph Murray, Wilkes–Barre, PA, for Debtors/Plaintiffs.

James Watt, Allentown, PA, for Defendants.

Charles DeHart, III, Chapter 13 Trustee, Hummelstown, PA.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The Debtors/Plaintiffs have filed a complaint to determined secured status and avoid the lien of a mortgage against Valarie J. Marlow and Mathias R. Brickler, Sr. ("Defendants").

In common parlance, an attempt is being made to "strip down" a mortgage in the amount of Seventeen Thousand Dollars ($17,000.00) payable to the Defendants.

There is no dispute as to the facts. The Debtor filed for bankruptcy relief on February 23, 1993. The value of the real estate encumbered by the mortgage is Ninety–Two Thousand Dollars ($92,000.00). There is a lien superior to that of the Defendants payable to Franklin First Savings Bank ("Franklin First"). The parties have stipulated as correct those amounts stated in the proof of claim filed by Franklin First. Because those numbers set forth in the proof of claim are pertinent, the itemization of the claim of Franklin First is set forth as follows:

## ITEMIZATION STATEMENT
### (As of April 12, 1993)

### Secured Claim

| | |
|---|---:|
| Principal Balance | $ 84,772.05 |
| Escrow Due | 899.01 |
| Late Charges | 1,237.83 |
| Interest | 13,815.24 |
| **TOTAL** | $100,724.13 * |

\* Plus interest, costs, and attorney's fees.

### Arrearage Amount

| | |
|---|---:|
| Principal Balance | $ 1,641.06 |
| Interest | 13,531.20 |
| Escrow | 1,349.74 |
| Late Charges | 1,237.83 |
| **TOTAL ARREARAGE** | $ 17,759.83 |

These numbers are important since the balance due to Franklin First, i.e. One Hundred Thousand Seven Hundred Twenty–Four and 13/100 Dollars ($100,724.13), far exceeds the value of the property agreed to be Ninety–Two Thousand Dollars ($92,000.00). Logic would, therefore, suggest and even compel the conclusion that the second mortgage of the Defendants herein is completely unsecured and a complete "strip down" under the provisions of 11 U.S.C. § 506 would be warranted. Logic, however, does not always survive the argument of a conscientious attorney armed with appellate court dicta using loosely defined terms.

Defendants argue that the secured claim of the first mortgagee, Franklin First, only exists to the principal balance of Eighty–Four Thousand Seven Hundred Seventy–Two and 05/100 Dollars ($84,772.05). Since this would allow a remaining equity to exist of Seven Thousand Two Hundred Twenty–Seven and 95/100 Dollars ($7,227.95), that amount would stand as collateral for the second lien of the Defendants. Presumably, this would render the claim of the Defendants secured and thus protected by the anti-modification provisions of 11 U.S.C. § 1322(b)(2). *In re Castellanos*, 178 B.R. 393 (Bkrtcy.M.D.Pa.1994).

Debtors advance the position that the secured claim of Franklin First is limited to the principal balance of Eighty–Four Thousand Seven Hundred Seventy–Two and 05/100 Dollars ($84,772.05), citing for support, the following quote from our Third Circuit. "[T]he 'secured claim' treated in section 506(a) refers only to the entire balance of principal due on the underlying mortgage." *Sapos v. Provident Institution of Savings*, 967 F.2d 918, 927 (3rd Cir.1992).

The Defendants reason that since the "principal" of the first lienholder was Eighty–Four Thousand Seven Hundred Seventy–Two and 05/100 Dollars ($84,772.05), then, therefore, Seven Thousand Two Hundred Twenty–Seven and 95/100 Dollars ($7,227.95) of equity remains to collateralize the second mortgage of the Defendants.

Of course, the underlying premise is that prepetition interest does not accrue as a component of a "secured claim".

This premise appears to contradict the plain language of various statutory provisions of the bankruptcy code.

11 U.S.C. § 502(a) indicates that a claim or interest, proof of which is filed under Section

501 of this title, is deemed allowed unless a party in interest ... objects.

The court is unaware of any objections to the claim of Franklin First and, therefore, their claim would be deemed allowed in the amount of One Hundred Thousand Seven Hundred Twenty–Four and 13/100 Dollars ($100,724.13).

Should there be an objection to that claim, the court would be warranted in allowing such claim except to the extent "... such claim is for unmatured interest". 11 U.S.C. § 502(b)(2). Nevertheless, an examination of the Franklin First proof of claim indicates that no portion of the secured claim is for unmatured interest.

Having concluded that the allowed claim of Franklin First is One Hundred Thousand Seven Hundred Twenty–Four and 13/100 Dollars ($100,724.13) as of the date of filing, i.e. April 12, 1993, we would then turn our attention to 11 U.S.C. § 506(a) to determine what portion of that allowed claim should be deemed secured.

**11 U.S.C. § 506(a). Determination of secured status.**

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

For the purposes of this hearing, the parties have stipulated that the value of the collateral in question is Ninety–Two Thousand Dollars ($92,000.00).

The mortgage of Franklin First indicates that "[T]his Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." (See the attachments to the Franklin First proof of claim).

Paragraph 7 of the mortgage authorizes the lender to "do and pay for whatever is necessary to protect the value of the Property" and includes the payment of reasonable attorneys' fees, etc.

Under the formula set forth in Section 506(a), therefore, Franklin First has an allowed secured claim in the amount of Ninety–Two Thousand Dollars ($92,000.00) and an allowed unsecured claim in the amount of Eight Thousand Seven Hundred Twenty–Four and 13/100 Dollars ($8,724.13) together with unspecified costs and attorneys' fees.

The accrual of prepetition interest as an element of an allowed secured claim of a lienholder is well settled. *In re Rubottom,* 142 B.R. 407 (Bkrtcy.D.Or.1992); *Matter of Diaz Figueroa,* 102 B.R. 293 (Bkrtcy.D.Puerto Rico 1989); see also, Dean Pawlowic, *Entitlement to Interest Under the Bankruptcy Code,* 12 Bankr.Dev.J. 149, 161 (1995).

The second step of our analysis, then, would be to take the Defendants' claim of approximately Seventeen Thousand Dollars ($17,000.00) and determine what portion, if any, of that can be classified as an allowed secured claim. While it appears that no proof of claim has been filed on behalf of the Defendants, Valarie J. Marlow and Mathias R. Brickler, Sr., the parties to this litigation have stipulated that the indebtedness to them is Seventeen Thousand Dollars ($17,-000.00). Since the estate's interest in the property is Ninety–Two Thousand Dollars ($92,000.00), and the allowed secured claim of the primary lienholder is also Ninety–Two Thousand Dollars ($92,000.00), then the conclusion is compelling that the value of this creditor's interest is zero. Our finding, therefore, would be that the Defendants are unsecured claimants to the extent of Seven-

teen Thousand Dollars ($17,000.00), having no secured claim.

How then has the circuit court supported the proposition earlier quoted?

The term "principal" is defined as

> An amount of money that has been borrowed or invested. The capital sum of a debt or obligation, as distinguished from interest or other additions to it. An amount on which interest is charged or earned. Amount of debt, not including interest. The face value of a note, bond, mortgage, etc. that must be repaid as distinct from the interest that is paid thereon. *Black's Law Dictionary, 6th Edition at page 1192 (1990).*

This is the traditional definition of the term "principal". What fuels the Defendants' argument and initially confounds this court is the somewhat less than traditional use of the word "principal" in the *Sapos* opinion.

Several clues can be found that the term "principal" is not used in the historical sense in the *Sapos* opinion.

Initially, the claim of the secured creditor in *Sapos* was Forty–Four Thousand Nine Hundred Eighty–Nine and 53/100 Dollars ($44,989.53), which included Eleven Thousand One Hundred Eighty–Eight and 12/100 Dollars ($11,188.12) in past due mortgage payments, late charges and foreclosure costs. This implies a traditional *principal* obligation at the time of filing of the approximate difference of Thirty–Three Thousand Dollars ($33,000.00). In fact, as reference to the district court opinion in *Sapos* will demonstrate, the actual unpaid principal indebtedness set forth on the claim of the creditor in *Sapos* was Thirty–Three Thousand Six Hundred Eighteen and 85/100 Dollars ($33,618.85). *In re Sapos,* 132 B.R. 528 (W.D.Pa. 1991). Notwithstanding that principal indebtedness, the circuit court in the *Sapos* opinion referred to the "unpaid principal" as being Seventeen Thousand Dollars ($17,-000.00). *Sapos v. Provident Institution of Savings,* 967 F.2d 918, 927 (3rd Cir.1992). Seventeen Thousand Dollars ($17,000.00) was the stipulated net present value of real estate. *Sapos,* 967 F.2d 918, 922 (3rd Cir.

1992). Seventeen Thousand Dollars ($17,-000.00) was the amount of the allowed secured claim. *Sapos,* 967 F.2d 918, 920 (3rd Cir.1992). The circuit court's application of the term "principal" was inferentially explained by the following statement in the next to the last paragraph of their opinion.

> [A] debtor who bifurcates an allowed claim under section 506(a) can use the cure and maintenance provisions of section 1322(b)(5) only if the debtor both pays arrearages within a reasonable time and continues to make the monthly payments due in accordance with the original terms of the note until the principal has been paid in an amount equal to the value of the property established under section 506(a). *Sapos,* 967 F.2d 918, 928 (3rd Cir.1992).

In the context of this opinion, therefore, the term "principal" is defined as an amount equal to the value of the property under Section 506(a) which we typically and traditionally identify as the "allowed secured claim".

In the case before us, if we choose to define the term "principal" as such, then the "principal" owed to Franklin First would be Ninety–Two Thousand Dollars ($92,000.00), the value of the property established under Section 506(a). The "principal" owing the Defendants would be zero since that would be the creditors' interest in the estate's interest in property established under Section 506(a).

While this case has provided ample opportunity to analyze the *Sapos* decision in great detail, it also has served to demonstrate the rather significant value of utilizing traditional terminology in commonplace context when expressing oneself.

Our Order allowing the "strip down" of the Defendants' mortgage is attached.

### ORDER

For the reasons set forth in the attached Opinion, the request of the Plaintiffs is granted. The allowed secured claim of the Defendants is deemed to be zero. The mort-

gage lien of the Defendants and the claim is determined to be totally unsecured.