PER CURIAM:
 

 Fulwiler appeals from the denial of his motion to amend a judgment by the bankruptcy court to include an award of attorney fees. We affirm.
 

 Fulwiler was adjudicated a bankrupt in 1974. In July 1974, Donald Grove, a business creditor, filed a complaint petitioning to have Fulwiler’s discharge set aside pursuant to Section 17(a)(2) and (a)(4) of the
 
 *909
 
 Bankruptcy Act of 1898, formerly 11 U.S.C. § 35(a)(2) and (a)(4). Included among Grove’s objections to Fulwiler’s discharge was the procurement of a $26,000 loan by means of an allegedly false financial statement. The loan was evidenced by a note bearing Fulwiler’s signature and containing a standard attorney’s fees clause whereby Fulwiler was obligated to pay such reasonable attorney’s fees and costs as might be incurred in the collection of the note.
 

 In August 1977, the bankruptcy court denied Grove’s petition to set aside the discharge following a lengthy trial. On September 9, 1977, Fulwiler filed a motion to amend the judgment to include an award of costs and attorney’s fees to himself as the prevailing party. Fulwiler based his request for attorney’s fees upon a state statute, ORS (Oregon Revised Statutes) 20.096 which makes an attorney’s fees clause reciprocally binding regardless of the actual wording of the clause. Fulwiler’s theory was that the Section 17 proceeding was, in reality, an attempt by Grove to enforce the note. Grove had requested the bankruptcy court to render a judgment on his claims against Fulwiler in addition to declaring them non-dischargeable in bankruptcy.
 

 The bankruptcy court denied Fulwiler’s motion to amend as to attorney’s fees by a memorandum decision dated December 1, 1977, though the court did award costs to Fulwiler. The court cited
 
 In re Peterson,
 
 9 Collier Bankruptcy Cases 120, 2 Bankr.Ct. Dec. 215 (D.Or.1976), as authority for the proposition that attorney’s fees are not awardable in Section 17 proceedings. Ful-wiler appealed denial of his motion to the district court, which affirmed in a brief memorandum opinion.
 

 The parties on appeal argue mainly over the proper characterization of a non-dis-chargeability proceeding. Fulwiler maintains that Grove was bringing an action on the contract, and thereby bringing himself within the letter of ORS 20.096.
 
 [1]
 
 Grove, on the other hand, characterizes a non-dis-chargeability complaint as sounding in tort, with the amount of the contract obligation claimed as fraud damages.
 

 A Section 17 non-dischargeability proceeding, however, is not easily categorized as sounding in either tort or contract. Section 17(a)(2) held that provable debts were not dischargeable if they “[were] liabilities for obtaining money or . property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another, . . . .” The primary issue under Section 17(a)(2), therefore, was whether the bankrupt had obtained money or property from the creditor by fraudulent means. The Supreme Court recognized the unique nature of 17(a)(2) proceedings in
 
 Brown v. Felsen,
 
 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), wherein it held that a prior state court judgment or a collection action by a creditor against a bankrupt could have no res judicata effect on a subsequent dischargeability proceeding because the issues in the two actions were likely to be entirely different. A subsequent bankruptcy court decision made even more explicit the strictly federal nature of the remedy afforded by Section 17:
 

 “Prior to 1970, the question of the dis-chargeability of individual debts was left within the ambit of state court jurisdiction. Because of abuses precipitated by overzealous creditors, which undermined the discharge of the bankrupt, and further to promote uniformity of application, in 1970, amendments to the Bankruptcy Act were enacted which granted exclu
 
 *910
 
 sive jurisdiction to the bankruptcy courts over questions of dischargeability. . As has been recognized in the recent United States Supreme Court case of
 
 Brown v. Felsen, . .
 
 . , these amendments created a new federal right of action not based on, nor identical to, any state cause of action. The 1970 amendments were passed to insure exclusive federal control over the federally created right of a discharge in bankruptcy.”
 

 In re Huff,
 
 1 B.R. 354 (D. Utah, 1979).
 

 We conclude that Section 17(a)(2) created a purely federal cause of action designed to implement the policies of the former Bankruptcy Act. Though elements of proof associated with both tort and contract actions may have been present in many non-dis-chargeability proceedings, Section 17 fell into neither classification. While it is true that a bankruptcy court had ancillary jurisdiction under § 17(c)(3) to render judgments on debts found to be non-disehargeable, such jurisdiction was insufficient to render a non-dischargeability proceeding as one in “tort” or “contract.”
 

 In any event, the award of attorney’s fees in a bankruptcy proceeding should rest upon a firmer foundation than the semantical characterization of a particular proceeding. We have discovered only one reported case arising under the amended Section 17 in which attorney’s fees have been awarded to a bankrupt against an unsuccessful creditor. In
 
 Matter of Love,
 
 577 F.2d 344 (5th Cir.1978), the court affirmed a bankruptcy judge’s finding that the creditor had acted in bad faith in bringing a non-dischargeability petition, and affirmed an award of attorney’s fees on the basis of the inherent power of a court of equity to award fees where the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, citing
 
 Alyeska Pipeline Co. v. Wilderness Society,
 
 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).
 
 See also In re Urquhart,
 
 427 F.2d 492 (8th Cir.1970) (fees awarded under pre-amendment Section 17 on finding of “overreaching and harassment” by creditor). An award of attorney’s fees was denied a bankrupt where no bad faith was demonstrated in
 
 In re Casper,
 
 338 F.Supp. 327 (E.D.Va.1972).
 
 Cf. In re Kootenai Motor Co., Inc.,
 
 43 F.2d 462 (D.C.Idaho 1930).
 

 We concur with the weight of authority in this area, and hold that attorney’s fees were awardable to successful bankrupts under Section 17 only where the creditor brought the proceeding in bad faith or to harass the bankrupt.
 
 [2]
 
 There appears to be no other basis on which such an award could be founded.
 
 [3]
 

 In the absence of finding that the creditor in this case brought the Section 17 proceeding in bad faith or vexatiously or with the intent to harass Fulwiler, we find that no basis to award attorney’s fees existed. Accordingly, the judgment of the court below is
 

 AFFIRMED.
 

 [1]
 

 . Fulwiler has also argued that attorney’s fees should be awarded to bankrupts who successfully defend in non-dischargeability proceedings regardless of whether they would otherwise be entitled to fees. Fulwiler bases his argument on the bankruptcy policy of giving a bankrupt a “fresh start.” Fulwiler, however, failed to raise this point below. Even if we were to consider Fulwiler’s policy argument, we believe that it would be precluded by our analysis of non-dischargeability proceedings. See
 
 infra.
 

 [2]
 

 . The Bankruptcy Reform Act of 1978 effected a policy shift on the award of attorney’s fees to bankrupts in non-dischargeability proceedings. Under 11 U.S.C. § 523(d), if a creditor requests a determination of dischargeability of a consumer debt and the debt is discharged, attorney’s fees are awarded to the bankrupt. By our decision in the present appeal, we mean to express no opinion whatever on the awardability of attorney’s fees to bankrupts in cases of non-consumer debts under the new Act.
 

 [3]
 

 . We are aware of authority holding that former 11 U.S.C. § 11(18), which granted a bankruptcy court the authority to award “costs,” also authorized the award of attorney’s fees.
 
 See In re Swofford,
 
 112 F.Supp. 893 (D.Minn.1952). This interpretation, however, conflicts with 28 U.S.C. § 1920, which defines what “costs” are taxable by a judge or clerk of “any court of the United States . . . and which does not include attorney’s fees as a taxable item.