In re Lana Marie BARR, fdba TV Facts, NE, Inc., Debtor,

CHECK CENTRAL OF OREGON, INC., Plaintiff,

v.

Lana Marie BARR, fdba TV Facts, NE, Inc., Defendant.

Civ. No. 84–591–FR.

Bankruptcy No. 382–03319.

Adv. No. 82–0208.

United States District Court, D. Oregon.

July 16, 1984.

On Motion for Atty's Fees Oct. 30, 1984.

Brian W. O'Brien, Portland, Or., for plaintiff.

Frank J. Dixon, Sanders & Dixon, Portland, Or., for debtor/defendant.

## OPINION AND ORDER

FRYE, District Judge:

### INTRODUCTION

Lana Marie Barr (Debtor) appeals from the Findings and Conclusions entered by the Honorable Donal D. Sullivan, Bankruptcy Judge.

Plaintiff-appellee Check Central of Oregon, Inc. (Creditor) brought a complaint in bankruptcy to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A).

This section makes nondischargeable debts "for obtaining money, property, services, or an extension, renewal, or refinance of credit by ... false pretenses, a false representation, or actual fraud...." Debtor counterclaimed, alleging that Creditor had violated the provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* The debt at issue—$155.81—represents the total amount of four of debtor's checks which were returned to several creditors for insufficient funds and later assigned to Creditor for collection. The bankruptcy court first held that Debtor had acted with intent to deceive when she wrote the checks, and that the $155.81 debt was nondischargeable. This finding is not challenged by Debtor. The bankruptcy court next awarded Creditor $400 in statutory attorney's fees under ORS 20.090, and held this amount to be nondischargeable in bankruptcy. On Debtor's counterclaim the court found that Creditor had violated the FDCPA in one respect claimed by Debtor, although it found no violation under Debtor's second theory (discussed in II. below). The bankruptcy court awarded Debtor $100 damages for the FDCPA violation, as well as $400 in attorney's fees, under 15 U.S.C. § 1692k. This ruling is also not challenged in this appeal. The bankruptcy court then offset the awards, and entered a judgment holding that $55.10 of Creditor's claim against Debtor is nondischargeable in bankruptcy. Debtor in the present appeal challenges two of the bankruptcy court's rulings.

### I.

Debtor first contends that the bankruptcy court erred in assessing $400 in attorney's fees against her and making the $400 a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court assessed the fees against Debtor under ORS 20.090, which provides:

(1) Except as otherwise provided in subsection (2) of this section, in any action against the maker of any check, draft or order for the payment of money

which has been dishonored for lack of funds or credit to pay the same or because payment has been stopped, the court shall allow a reasonable attorney fee at trial and on appeal to the prevailing party, in addition to disbursements.

(2) If the plaintiff prevails in an action described in subsection (1) of this section, the court shall not allow a reasonable attorney fee to the plaintiff as provided in subsection (1) of this section unless the court finds that the plaintiff made written demand of the defendant for the payment of such claim not less than 10 days before the date of the commencement of the action and that the defendant failed to tender to the plaintiff, prior to the commencement of the action, an amount of money not less than the damages awarded to the plaintiff.

Although acknowledging that the issue of dischargeability "is solely a question of federal law," the bankruptcy court stated that questions of liability and damages are "matters of state law." Under ORS 20.-090, "attorney's fees are a special rule of damages or penalty where liability is incurred for writing a check on insufficient funds." Therefore, the bankruptcy court concluded that the $400 in attorney's fees was simply an additional element of damages which "should be unaffected once the debt is determined to be nondischargeable in bankruptcy." Findings and Conclusions at 3.

The bankruptcy court's conclusion cannot stand in light of *In re Fulwiler*, 624 F.2d 908 (9th Cir.1980). Although not precisely on point, the analysis in *Fulwiler* supports the conclusion that the attorney's fee award is not proper. In *Fulwiler*, a creditor brought an action against a debtor under section 17(a)(2) of the old Bankruptcy Act (the predecessor to section 523(a)(2) of the present Code), alleging that the debtor had procured a $26,000 loan by fraud and seeking to make the debt nondischargeable. The debtor prevailed in this proceeding and

then sought attorney's fees against the creditor, relying on an attorney's fees provision in the loan contract and ORS 20.096. ORS 20.096 provides that "[i]n any action or suit on a contract" containing an attorney's fee provision, the prevailing party in the action shall be entitled to attorney's fees. The debtor claimed that the creditor's nondischargeability action was an action on the contract, and that, as prevailing party in that action, the debtor was entitled to attorney's fees. The Ninth Circuit disagreed. It held that section 17(a)(2) "created a purely federal cause of action designed to implement the policies" of federal bankruptcy law, and as such was not an action to which ORS 20.096 applied. *Id.* at 910. Similarly, although the present "Complaint to Determine Dischargeability of Debt" falls literally within the language of ORS 20.090 ("any action against the maker of any check ... which has been dishonored for lack of funds") as did the creditor's action in *Fulwiler* with respect to ORS 20.096, the court believes that ORS 20.090, like ORS 20.096, does not apply to the "purely federal cause of action" granted by section 523(a)(2)(A) upon which the present complaint is based. *Fulwiler* indicates that the awarding of attorney's fees in a nondischargeability proceeding is a matter of federal law, and that absent some specific federal statutory authorization (such as section 523(d) of the Bankruptcy Code) or bad faith, attorney's fees are not available in section 523(a)(2) actions. Although there is caselaw to the contrary, *see In re Crosslin*, 14 B.R. 656 (Bankr.M.D.Tenn.1981), the present holding appears to represent the majority view. *See In re Crouse*, 27 B.R. 284 (Bankr.E.D. Mo.1983); *In re Woods*, 25 B.R. 16 (Bankr. D.Ore.1982) [1]; *In re The Record Company*, 8 B.R. 57, (Bankr.S.D.Ind.1980) ("It is a well established principle of bankruptcy that damages granted on nondischargeability complaints for obtaining money by false pretenses are limited to funds actually obtained by the representation. Consequen-

---

**1.** However, it is unclear from this opinion the basis upon which the creditor made his argument for attorney's fees.

tial damages are not included, nor are punitive damages.").

■ This result—that ORS 20.090 does not apply to a proceeding to determine nondischargeability under section 523(a)(2)—best harmonizes the structure of the two statutory sections. The language of section 523(a)(2) requires that the nondischargeable debt be "for obtaining money, property, [or] services" by "false pretenses, a false representation, or actual fraud...." This language has been interpreted to require that the money, property, or services related to the debt have been obtained by the debtor himself and by the debtor's false representations or fraud. *See* 3 L. King, *Collier on Bankruptcy* ¶ 523.08[1] (15th ed. 1984). In the present case, the $400 debt for attorney's fees did not result from services obtained by the debtor, nor were the services given in reliance upon any fraud or misrepresentation by the debtor. Whether certain elements of damages which might arise as a result of a creditor's reliance upon a debtor's misrepresentations are nondischargeable may in some cases depend in part on whether the elements are recoverable under state law, as noted by the court below. But section 523(a)(2)(A)'s requirement of reliance always remains as a limitation on which debts are subject to nondischargeability. *See Collier, supra,* ¶ 523.08[4]. Although in one sense the attorney's fees debt was "caused" by the debtor's writing the NSF checks, clearly the creditor was not relying on any fraudulent representation of the debtor in authorizing the services underlying the attorney's fee debt. Therefore, the attorney's fee award is not nondischargeable.[2]

Second, the scheme of ORS 20.090 will in some instances draw it into direct conflict with the federal Bankruptcy Code. In the very real example of a debtor who writes a large number of NSF checks in anticipation of filing bankruptcy and then immediately does so, the "written demand" requirement of ORS 20.090(2) would directly conflict with the automatic stay provision of section 362(a)(6) of the Bankruptcy Code.[3] This very real possible conflict indicates that ORS 20.090 should not be interpreted to operate in proceedings against a debtor in bankruptcy.

To conclude, the court finds that the action of the bankruptcy court in awarding Creditor attorney's fees and making the award nondischargeable must be reversed. ORS 20.090 does not apply to actions to determine nondischargeability of debts under section 523(a)(2) of the Bankruptcy Code.

## II.

■ Debtor's second contention is easily disposed of. The collection notice sent to the debtor read as follows:

If you notify this office in writing in 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you and mail you a copy of such judgment or verification.

Debtor contends that this language is misleading because the word "judgment" occurs in it, which might tend to make a debtor believe that a judgment had already been rendered against him. However, the notice clearly states that the collection agency will in the alternative either "obtain verification of the debt *or* obtain a copy of the judgment against you and mail you a copy of such judgment *or* verification." Use of the word "or" makes the sentence not misleading. Moreover, as noted by the bankruptcy court, the language mirrors the

---

2. Because the court's holding is that ORS 20.090 does not apply to proceedings to determine nondischargeability in bankruptcy, there is no possibility in the present case that the $400 attorney's fee claim might give rise to an ordinary claim in bankruptcy. Whether a creditor who obtained a judgment in state court that included fees under ORS 20.090 *before* the debtor filed bankruptcy would be able to file a claim as a general creditor on the debt is not before the court.

3. It is not clear from the record in the present case whether the written demand of the present creditor was made before or after the debtor filed bankruptcy.

requirements of the FDCPA itself, 15 U.S.C. § 1692g(a)(4):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> \* \* \* \* \* \*

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

Finally, the one decision addressing the issue found similar language not to violate the FDCPA. *See Blackwell v. Professional Business Services of Georgia,* 526 F.Supp. 535, 539 (N.D.Ga.1981). The decision of the bankruptcy court on this point is affirmed.

IT IS THEREFORE ORDERED that the Findings and Conclusions of the bankruptcy court are reversed in part and affirmed in part, and the case remanded to that court for further proceedings in light of this opinion.

## ON MOTION FOR ATTORNEY FEES

■ Defendant/debtor has moved the court for an award of attorneys' fees pursuant to 11 U.S.C. § 523(d).

After debtor filed for bankruptcy, plaintiff/creditor sought a determination that certain debts were nondischargeable under 11 U.S.C. § 523(a)(2). This section makes debts for obtaining property or services by false representation or fraud nondischargeable. Creditor contended, and the bankruptcy court found, that debtor had written $155.81 worth of checks knowing that they would not be paid because of insufficient funds in plaintiff's account. Creditor also sought to collect against debtor as nondis-

chargeable $500 in attorneys' fees pursuant to ORS 20.090. This section generally allows a creditor an award of attorneys' fees if the creditor prevails in an action to collect on a check dishonored for lack of funds. The bankruptcy court granted this request for relief and determined that $400 of the attorneys' fees request was nondischargeable. Debtor appealed, and this court reversed the bankruptcy court's determination that the $400 in attorneys' fees was nondischargeable.

11 U.S.C. § 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

The legislative history of this section indicates that the intent of Congress was to protect *honest* debtors against overbearing creditors. Had the bankruptcy court found that the debtor had not defrauded creditor with respect to the underlying debt, this court would not hesitate to award fees to the debtor. However, the bankruptcy court found, and the debtor does not challenge, that the debtor made a misrepresentation, and hence that the debt was nondischargeable. The issue then becomes whether the fact that the debtor prevailed on creditor's demand for a determination of nondischargeability as to the attorneys' fees should lead the court to award to debtor fees under section 523(d). On the one hand, the provision was intended to protect *honest* debtors and the debtor did, in fact, engage in a misrepresentation. On the other hand, by adding the demand for attorneys' fees to its complaint and requesting the court to hold the fees nondischargeable, the creditor brought the same kind of pressure to bear on the debtor to settle as the section was designed to prevent.

Neither party cites a case on point. The court finds that in the present case an award of fees to debtor would be inequitable. Creditor prevailed in its contention that the underlying debt was incurred by misrepresentation. The issue as to whether the fees allowed by ORS 20.090 were dischargeable in bankruptcy was a close one, and apparently this court's decision was one of first impression. Had creditor sought a determination of nondischargeability of the attorneys' fees in the face of clear precedent indicating that it could not prevail, a different situation would be presented. But where, as here, creditor prevailed on its assertions as to the fraudulent nature of the underlying debt, and in the absence of any showing that creditor sought a determination of nondischargeability of the attorneys' fees in bad faith, the court believes that an award of attorneys' fees against creditor would be clearly inequitable.

IT IS ORDERED that defendant/debtor's petition for attorneys' fees is DENIED.