15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Francis Joseph MARTIN, Jr. and Dianna L. Martin, Debtors,
KEY BANK OF WASHINGTON, Formerly Known as Key Bank of Puget
Sound, a Foreign Corporation, Appellant,
v.
Francis Joseph MARTIN, Jr. and Dianna L. Martin, Appellees.
 No. 92-35542.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1994.*
Decided Jan. 19, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,** District Judge.
 
 MEMORANDUM
 
 2
 Creditor Key Bank of Washington (formerly Key Bank of Puget Sound) appeals the decision of the Bankruptcy Appellate Panel, affirming the decision of the bankruptcy court and denying Key Bank's application for attorneys' fees for prevailing in an 11 U.S.C. Sec. 523 non-dischargeability action against Chapter 7 debtors Francis and Diana Martin. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm the Bankruptcy Appellate Panel's denial of attorneys' fees.
 
 
 3
 The Bankruptcy Appellate Panel and the Bankruptcy Court ruled as a matter of law that Key Bank was not entitled to payment of its attorneys' fees. Conclusions of law are reviewed de novo.
 
 
 4
 In In re Fulwiler, 624 F.2d 908 (9th Cir.1980), we held that in the absence of a finding that a creditor brought a non-dischargeability proceeding in bad faith, vexatiously or with the intent to harass the debtor, there was no basis to award attorneys' fees to the debtor. Our analysis rested on the predecessor to Sec. 523(a)(2), Section 17, and we noted:
 
 
 5
 We conclude that Section 17(a)(2) created a purely federal cause of action designed to implement the policies of the former Bankruptcy Act. Though elements of proof associated with both tort and contract actions may have been present in many non-dischargeability proceedings, Section 17 fell into neither classification.
 
 
 6
 * * *
 
 
 7
 In any event, the award of attorneys' fees in a bankruptcy proceeding should rest upon a firmer foundation than the semantical characterization of a particular proceeding.
 
 
 8
 Section 523(d) now provides for the mandatory award of attorney fees to successful debtor litigants. Congress did not provide for the award of fees for a successful creditor litigant to avoid the shift in balance of power between the parties in the litigation process. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978) U.S.Code Cong. & Admin.News, pp. 5787, 5865, 5963, 6320.
 
 
 9
 We have since favorably recognized the validity of In re Fulwiler, and reaffirmed its rationale. In re Fobian, 951 F.2d 1149 (9th Cir.1991), cert. denied, 112 S.Ct. 3031, 120 L.Ed.2d 902 (1992); In re Johnson, 756 F.2d 738 (9th Cir), cert. denied, 474 U.S. 828 (1985); Collingwood Grain v. Coast Trading Co. (In re Coast Trading Co.), 744 F.2d 686, 693 (9th Cir.1984). See also In re Itule, 114 B.R. 206 (9th Cir. BAP 1990).
 
 
 10
 Appellant urges us to reconsider In re Fulwiler and its progeny in light of cases holding to the contrary in other circuits. See, e.g., In re Luce, 960 F.2d 1277 (5th Cir.1992); Transouth Financial Corp. of Florida v. Johnson, 931 F.2d 1505 (11th Cir.1991). We are not at liberty to do so.
 
 
 11
 For the foregoing reasons, the decision of the Bankruptcy Appellate Panel is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation