**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: MARY DEROCHE; In re: ERIC
DEROCHE,

*Debtors,*

MARY DEROCHE; ERIC DEROCHE,
*Appellants,*

v.

ARIZONA INDUSTRIAL COMMISSION,
*Appellee.*

No. 04-15258

D.C. No.
CV-03-00463-EHC

OPINION

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Argued and Submitted
October 17, 2005—San Francisco, California

Filed January 17, 2006

Before: Stephen Reinhardt and Sidney R. Thomas,
Circuit Judges, and Jane A. Restani,* Chief Judge,
Court of International Trade.

Opinion by Judge Thomas

*The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

## COUNSEL

Allan D. NewDelman, Esq., Roberta J. Sunkin, Esq., Allan D. NewDelman, P.C., Phoenix, Arizona, for the appellant.

James S. Samuelson, Assistant Attorney General, Terry Goddard, Attorney General, Phoenix, Arizona, for the appellee.

## OPINION

THOMAS, Circuit Judge:

This case presents the question of whether Chapter 7 debtors may recover, pursuant to state statute, attorneys' fees

incurred in bankruptcy discharge litigation. We conclude that attorneys' fees are not available for litigating federal bankruptcy issues, and we affirm the decision of the district court.

I

Eric and Mary DeRoche (collectively "DeRoche") filed a joint Chapter 7 bankruptcy petition on November 28, 1994, in the District of Arizona. On December 30, 1994, the Arizona Industrial Commission ("the Commission") filed what it termed a priority proof of claim, to which DeRoche promptly objected. The Commission sought to recover sums paid to an injured DeRoche employee from the state's Special Fund, which provides workers compensation benefits to workers who are not covered by workers compensation insurance when they are injured. The amount of the Commission's claim, initially only $22,421.52, has increased as the injured worker has continued to receive benefits.

On March 17, 1995, the bankruptcy court discharged DeRoche's debts, except for the pending dispute with the Commission. For the next seven years, the parties litigated various issues related to whether or not the Commission's claim was also subject to discharge. The parties first disputed whether the Commission's claim qualified as an "excise tax" — and thus potentially a priority, nondischargeable claim — within the meaning of 11 U.S.C. § 507(a)(8)(E). In the end, the bankruptcy court found that the claim was an excise tax based on *Camilli v. Industrial Commission of Arizona*, 94 F.3d 1330 (9th Cir. 1996), issued while the DeRoche dispute was pending. The bankruptcy court next inquired what "transaction" had triggered the tax. To qualify as a priority excise tax, a tax must be based on "a transaction occurring during the three years immediately preceding the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(E)(ii). The Commission's claim did not depend on a single event easily identifiable as the relevant "transaction", but could arguably be linked to the continuing series of benefit payments, the injury itself, or

even the injured worker's application for benefits. Eventually, after the dispute reached this Court, we held that the transaction date was the date of injury, more than three years before the bankruptcy petition. *DeRoche v. Ariz. Indus. Comm'n (In re DeRoche)*, 287 F.3d 751 (9th Cir. 2002). Thus, the Commission's claim had no priority status, and was subject to discharge. Ultimately, on remand, the bankruptcy court entered an order sustaining DeRoche's objection to the Commission's proof of claim and finding that the claim was a general claim subject to the general discharge order entered seven years before.

On August 7, 2002, DeRoche filed an application for over $30,000 in attorney's fees incurred opposing the Commission's priority claim. The bankruptcy court denied the application, after holding hearings on November 14, 2002, and January 22, 2003. After DeRoche filed a Notice of Appeal and Referral to the Bankruptcy Appellate Panel on February 5, 2003, the Commission elected to have the appeal heard by the District Court. The District Court denied the appeal on January 30, 2004, without argument, and DeRoche timely filed this appeal.

II

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). "Congress has provided only limited exceptions to this rule 'under selected statutes granting or protecting various federal rights.' " *Id.* (quoting *Alyeska Pipeline Co. v. Wilderness Soc'y.*, 421 U.S. 240, 260 (1975)). Thus, the Supreme Court has observed that "it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation." *Alyeska Pipeline Co.*, 421 U.S. at 247.

**[1]** Consistent with this philosophy, we have held that, absent bad faith or harassment, attorney's fees are not recov-

erable in bankruptcy for litigating issues "peculiar to federal bankruptcy law." *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991). The Bankruptcy Code does contain some fee provisions. *See, e.g., Lamie v. United States*, 540 U.S. 526, 529 (2004) (discussing the statutory limitation on awards of professional fees). However, it does not contain any provisions that create a general right for the prevailing party to be awarded attorney's fees in federal bankruptcy litigation. Thus, we have held that "[t]here is no general right to recover attorney's fees under the Bankruptcy Code." *Renfrew v. Draper (In re Renfrew)*, 232 F.3d 688, 693 (9th Cir. 2000).

**[2]** One of the exceptions to the general rule is proceedings based on a contract enforceable under state law or statute. *Fobian*, 951 F.2d at 1153. As we have explained, "a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Thus, in *Christison v. Norm Ross Co. (In re Eastview Estates II)*, 713 F.2d 443, 451 (9th Cir. 1983), we awarded fees because the substantive legal question — the legitimacy of the claim — was governed by California law, which also authorized collection of attorney fees pursuant to the contract at issue. However, we consistently have refused to award fees when the substantive legal question was governed by federal bankruptcy law, rather than "basic contract enforcement questions," even when the underlying contract contains an attorney fee provision enforceable under state law. *Fobian*, 951 F.2d at 1153; *see also Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985) (denying fees based on state contract provisions when the bankruptcy proceeding "was predicated solely upon a federal statute and California state law was not applied to any of the substantive issues involved."); *Renfrew*, 232 F.3d at 694 ("[I]f a divorce decree provides for the payment of attorney's fees, and state law issues are litigated in the bankruptcy proceedings, attor-

ney's fees are available, but only to the extent that they were incurred litigating the state law issues.").

### III

**[3]** Given that background, we turn to the case at hand. In this case, DeRoche properly concedes that the bankruptcy litigation here addressed only issues of federal law, namely whether or not the Commission's claim was entitled to priority under federal bankruptcy law. A close review of the record indicates that there were no substantive state law questions involved in the litigation; only substantive federal law was at issue.

With that finding, application of our clear and consistent case law would seem to end the matter. However, DeRoche contends that our precedent barring attorney's fees does not apply, because DeRoche seeks fees under an Arizona statute, A.R.S. § 12-348, rather than a contract.[1] DeRoche argues that

---

[1]The statute provides in relevant part as follows:

**§ 12-348. Award of fees and other expenses against the state or a city, town or county; reduction or denial of award; application; basis for amount of award; source of award; definitions**

A.   In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

1.   A civil action brought by the state or a city, town or county against the party.

2.   A court proceeding to review a state agency decision pursuant to chapter 7, article 6 of this title or any other statute authorizing judicial review of agency decisions.

3.   A proceeding pursuant to § 41-1034.

4.   A special action proceeding brought by the party to challenge an action by the state against the party.

because the statute protects individual citizens against unwarranted litigation pursued by the state, it represents an important state public policy that deserves more respect than private-party contract arrangements for fee payments.

**[4]** The district court and bankruptcy court correctly rejected this argument. As we have discussed, it is the substantive nature of the bankruptcy proceeding that controls. Here, the Commission was seeking to vindicate what it

---

5.   An appeal by the state to a court of law from a decision of the personnel board under title 41, chapter 4, article 6.

6.   A civil action brought by the party to challenge the seizure and sale of personal property by the state or a city, town or county.

B.   In addition to any costs which are awarded as prescribed by statute, a court may award fees and other expenses to any party, other than this state or a city, town or county, which prevails by an adjudication on the merits in an action brought by the party against this state or a city, town or county challenging:

1.   The assessment or collection of taxes or in an action brought by this state or a city, town or county against the party to enforce the assessment or collection of taxes.

2.   The adequacy or regularity of notice of delinquent taxes.

3.   The regularity of sales of property for delinquent taxes.

C.   The court in its discretion may deny the award provided for in this section or may reduce the award if it finds that any of the following applies:

1.   During the course of the proceeding the prevailing party unduly and unreasonably protracted the final resolution of the matter.

2.   The reason that the party other than the state or a city, town or county has prevailed is an intervening change in the applicable law.

3.   The prevailing party refused an offer of civil settlement which was at least as favorable to the party as the relief ultimately granted.

thought was its substantive federal bankruptcy right, and all of the legal fees incurred by both sides were accrued in either pursuit or defense of that action. State law does not, and cannot, create a new federal right of attorney fee recovery in this context.

We considered a similar issue in *Johnson*. In *Johnson*, the debtor sought fees not under the parties' contractual fee agreement, which provided only that the *creditor* could recover its fees, but under a California statute that equalized the effect of such one-sided fee agreements by allowing either party to recover fees if it prevailed in a subsequent lawsuit. Despite this statutory expression of state public policy, we found that "[w]hen, as here, federal and not state law governed the substantive issues involved in the [creditors'] motion, the bankruptcy court should not have awarded attorney's fees pursuant to a state statute." *Johnson*, 756 F.2d at 741.

**[5]** The character of the particular state statute is irrelevant to this analysis. Our clear rule is that no fees are available under state law for litigation of substantive federal bankruptcy issues in bankruptcy court. There is no principled distinction to be drawn from this rule for *sui generis* treatment of fee claims based on fee-shifting statutes directed at state governments.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**