MEMORANDUM **
Travelers Casualty and Surety Company (“Travelers”) appeals the judgment of the district court affirming the bankruptcy court’s denial of attorney fees. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.
Travelers argues that Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149 (9th Cir.1991), does not control this case and that Fobian was incorrectly decided. This appeal raises substantially the same issues as DeRoche v. Arizona Industrial Commission (In re DeRoche), 434 F.3d 1188 (9th Cir.2006). For the reasons set forth in our opinion in DeRoche, Travelers’ argument fails.
Travelers’ argument is weaker than the argument asserted in DeRoche. Travelers is attempting to recover fees in bankruptcy for objections to proposed reorganization plans and related bankruptcy proceedings. Travelers’ objection to the reorganization plan arose under 11 U.S.C. § 1125, and claimed only that the debtor failed to provide the required “adequate *594 information” about the reorganization plan. Specifically, Travelers sought some assurance that its subrogation rights were being rendered unimpaired under 11 U.S.C. § 509(a). Nothing in the federal bankruptcy proceedings required Travelers to satisfy any of the obligations assured by, or to make any payment with respect to, any of its surety bonds or indemnity agreement with the debtor. Travelers did not prevail on any claim it asserted in the bankruptcy proceedings.
“[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings.” Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir.1997). However, attorney fees are not recoverable in bankruptcy for litigating issues “peculiar to federal bankruptcy law.” Fobian, 951 F.2d at 1153.
The resolution of all of these proceedings was governed entirely by federal bankruptcy law. Both the bankruptcy court and the district court correctly denied Travelers’ claim for attorney fees. Indeed, if unimpaired, non-prevailing creditors were authorized to obtain an attorney fee award in bankruptcy for inquiring about the status of unimpaired inchoate and contingent claims, the system would likely be overwhelmed by fee applications, with no funds available for disbursement to impaired creditors or debtor reorganization.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.