**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: TONI MARIE GRIFFIN, *Debtor*, ——— PETER H. ARKISON, Chapter 7 Trustee, *Appellant*, v. TONI MARIE GRIFFIN; U.S. BANK NATIONAL ASSOCIATION, *Appellees*. | No. 12-60046 BAP No. 11-1362 OPINION |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Hollowell, and Jury, Bankruptcy Judges,
Presiding

Argued and Submitted
June 5, 2013—Seattle, Washington

Filed June 26, 2013

Before: Arthur L. Alarcón, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Bankruptcy

Affirming a decision of the Bankruptcy Appellate Panel, the panel held that a bank, by providing a copy of a copy of the promissory note with respect to which the bank sought relief from an automatic stay, and a declaration establishing the bank's possession of the original note, established prudential standing to file a motion for relief from the stay.

## COUNSEL

Tuella O. Sykes, The Law Office of Tuella O. Sykes, PLLC, Seattle, Washington, for Appellant.

Fred B. Burnside, Davis Wright Tremaine LLP, Seattle, Washington, for Appellee.

## OPINION

PER CURIAM:

U.S. Bank N.A. filed a motion for relief from the automatic stay in this bankruptcy case. To establish its standing to bring this motion, the bank submitted a copy of the promissory note with respect to which the bank sought

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

relief from the stay. This copy was apparently a second-generation copy of the note, because it reproduced a certification affixed to the first-generation copy that stated: "We hereby certify that this is a true & correct copy of the original. CTX Mortgage Company, LLC." The bank also submitted a declaration certifying that the original note was in the bank's files. The trustee argued that a duplicate of a duplicate of the original note was insufficient to establish prudential standing. The bankruptcy court rejected this argument and the BAP affirmed.

We agree with the First Circuit that a duplicate of a duplicate is a duplicate for purposes of Federal Rule of Evidence 1003. *See United States v. Carroll*, 860 F.2d 500, 507 (1st Cir. 1988). We therefore conclude that U.S. Bank N.A., by providing a copy of a copy of the note and a declaration establishing its possession of the original note, established prudential standing to file the motion for relief from the stay.

A proceeding to determine eligibility for relief from a stay only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding. *Johnson v. Righetti*, 756 F.2d 738, 740–41 (9th Cir. 1985). Given the limited nature of the relief obtained through this proceeding and because final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue. *In re Veal*, 450 B.R. 897, 914–15 (B.A.P. 9th Cir. 2011). The bankruptcy court did not abuse its discretion in granting relief from the stay.

**AFFIRMED**.