**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESA JEAN MOORE, | No. 12-17000 |
| Appellant, | D.C. No. 1:11-cv-00607-DAE-BMK |
| v. | |
| BAYVIEW LOAN SERVICING, LLC, | MEMORANDUM* |
| Appellee, | |
| RICHARD A. YANAGI; OFFICE OF THE U.S. TRUSTEE, | |
| Trustees - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted May 13, 2014**

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Teresa Jean Moore appeals pro se from the district court's judgment affirming the bankruptcy court's order granting Bayview Loan Servicing, LLC's motion for relief from the automatic stay with respect to certain real property. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion by granting relief from the automatic stay with respect to certain real property because Bayview established that it had a colorable claim to the property. *See Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (per curiam) (explaining that "because final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue"); *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) (reviewing for an abuse of discretion the bankruptcy court's decision to grant relief from an automatic stay).

Moore's contention that the bankruptcy court and district court violated her constitutional rights is unsupported by the record.

12-17000

We treat Moore's request for judicial notice and the attached documents, filed on January 18, 2013, as her excerpts of record.

**AFFIRMED**.