## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NC-14-1298-TaDKi |
| ) | |
| CINDY YUNKONG IKEOKA, ) | Bk. No.   13-55904 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| CINDY YUNKONG IKEOKA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| U.S. BANK, N.A., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on May 14, 2015
at San Francisco, California

Filed - June 26, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Charles D. Novack, Bankruptcy Judge, Presiding

---

Appearances:    Michael James Yesk of Yesk Law argued for
                appellant Cindy Yunkong Ikeoka; Donna La Porte
                argued for appellee U.S. Bank, N.A.

---

Before:  TAYLOR, DUNN, and KIRSCHER, Bankruptcy Judges.

---

[*]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

Debtor Cindy Yunkong Ikeoka appeals from a bankruptcy court order granting stay relief to U.S. Bank, N.A. under § 362(d)(2).[1]  We AFFIRM the bankruptcy court.

**FACTS**[2]

In 2004, the Debtor obtained a loan from Chevy Chase Bank, F.S.B. to purchase real property in Carmel, California (the "Property").  The obligation was evidenced by a promissory note ("Note") in favor of Chevy Chase Bank and secured by a deed of trust ("Trust Deed") creating a lien against the Property.

In November 2013, with foreclosure looming, the Debtor filed a skeletal chapter 13 petition.[3]  It was her fourth bankruptcy case within a three-year period; all three of her prior cases were dismissed for failure to make plan payments or to file required documents.  At the time of petition, the Debtor was roughly five years in payment arrears.

When the Debtor eventually filed completed schedules, she valued the Property at $800,000 and scheduled only Bank of America, with a secured claim of $190,000, as holding a lien against the Property.  It soon became apparent that the Debtor's schedules were underinclusive of secured creditors; U.S. Bank, N.A., as trustee relating to the Chevy Chase Funding LLC

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2]  We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case.  See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3]  Since this appeal was pending, the Debtor converted to chapter 11.

Mortgage Backed Certificates, Series 2005-1 ("U.S. Bank"), also filed a proof of claim. Its proof of claim, which attached copies of the Note and Trust Deed, evidenced a much higher secured claim in the amount of $1,953,931.91.

U.S. Bank moved for stay relief to foreclose and, in support of its request, attached the declaration of Stephen Witkop, Assistant Vice-President of Capital One, N.A. Witkop's declaration, which identified Capital One as the movant, provided that Capital One was the current owner of the Note and the Trust Deed holder pursuant to a Corrective Assignment of Deed of Trust recorded in 2011 (the "Corrective Assignment"). The copy of the Corrective Assignment authenticated by Witkop's declaration, however, showed U.S. Bank as the actual assignee.

The Debtor, pro se, opposed; among other things, she disputed U.S. Bank's standing to foreclose. She also advanced substantive arguments already pending in related state court litigation.

At the stay relief hearing, the bankruptcy court expressed concern as to U.S. Bank's standing and requested evidence, in addition to the Corrective Assignment, that U.S. Bank owned the Note.

U.S. Bank then filed a supplemental declaration from Witkop and submitted a copy of an allonge to the Note, which contained an endorsement in blank.

After the bankruptcy court expressed continued concern regarding ownership of the Note, U.S. Bank filed the declaration of Huy Pham, Assistant Vice-President for Capital One as servicing agent for U.S. Bank. Pham attested that the Note was

3

endorsed in blank and came into U.S. Bank's possession when it acquired the loan.

Satisfied with the additional evidence, the bankruptcy court entered an order granting stay relief to U.S. Bank. The Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Whether U.S. Bank had standing to seek stay relief.

2. Whether the bankruptcy court "improperly aligned" itself with U.S. Bank during the stay relief proceeding.

## STANDARD OF REVIEW

Standing is a legal issue that we review de novo. Cruz v. Stein Strauss Trust # 1361 (In re Cruz), 516 B.R. 594, 600 (9th Cir. BAP 2014). Similarly, we review de novo whether a litigant's due process rights were violated. DeLuca v. Seare (In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014).

## DISCUSSION[4]

---

[4] On appeal, U.S. Bank filed a request for judicial notice of the federal court action that the Debtor commenced against U.S. Bank, Capital One, N.A., and Chevy Chase Bank, FSB, among others, for declaratory relief and an accounting, and alleging violations of the Fair Debt Collection Practices Act and Truth in Lending Act, among other things.

None of these documents were presented to the bankruptcy court, and thus they are not part of the record on appeal. In any event, these documents are not necessary to our ruling, and therefore we deny the motion.

4

The Debtor advances only two arguments on appeal: (1) that U.S. Bank lacked standing to seek stay relief; and (2) that the bankruptcy court "improperly aligned" itself with U.S. Bank during the proceedings. We disagree with both assertions.

**A. U.S. Bank had standing to seek stay relief.**

On the request of a party in interest and after notice and a hearing, the bankruptcy court may terminate, annul, modify, or condition the automatic stay. 11 U.S.C. § 362(d). A stay relief proceeding is limited in nature, as there is no substantive adjudication of rights or liabilities. Arkison v. Griffin (In re Griffin), 719 F.3d 1126, 1128 (9th Cir. 2013). As a result, "a party seeking stay relief need only establish that it has a colorable claim to the property at issue." Id.

The threshold to assert a colorable claim for stay relief to allow foreclosure under a deed of trust creating a lien on California real property is not high. A party need only show that it: (a) owns or has a property interest in the promissory note secured by the real property; (b) is a "person entitled to enforce" the promissory note under California law, see Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 105 (9th Cir. BAP 2011); or (c) has a right to initiate foreclosure under California law, see Rozier v. U.S. Bank, N.A. (In re Rozier), 2013 WL 4428808, at *5 (9th Cir. BAP Aug. 19, 2013). On this record, U.S. Bank established that it had a colorable claim and, thus, standing to seek stay relief, from the standpoint of both the Trust Deed and the Note.

California law permits the initiation of nonjudicial foreclosure by a trustee, mortgagee, or beneficiary under a

5

trust deed, or **any of their authorized agents**. Cal. Civ. Code § 2924(a)(1). Here, U.S. Bank submitted the Corrective Assignment, which evidenced that it received an assignment of the beneficial interest under the Trust Deed.[5] As a result, it was entitled to initiate foreclosure of the Property. Cal. Civ. Code § 2924(a)(1); Debrunner v. Deutsche Bank Nat. Trust Co., 204 Cal. App. 4th 433, 440 (2012). True, U.S. Bank's declaratory evidence as initially submitted was less than precise; Witkop's declaration identified Capital One as the movant and indicated that Capital One was the current owner of the Note and the Trust Deed holder. This was untrue. Nonetheless, it eventually submitted the appropriate documentation. Thus, although the bankruptcy court focused on evidence relating to ownership of the Note, the non-bankruptcy

[5] The Debtor makes much of a prior Trust Deed assignment filed by U.S. Bank in her second bankruptcy case, 10-53485. There, the bank attached a copy of an assignment, recorded in March of 2010, to its proof of claim, evidencing an assignment of the Trust Deed beneficial interest to U.S. Bank, as trustee for CCB Libor Series 2005-1 Trust. The Debtor contends that in the present bankruptcy case, U.S. Bank "bizarrely" attached the Corrective Assignment, dated June 27, 2011, which purportedly assigned the Trust Deed interest to it as trustee for Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2005-1 - "a completely different trust pool."

The Debtor ignores that the Corrective Assignment was just that - an instrument correcting a prior, but erroneous assignment. The Corrective Assignment itself states that it "corrects the previously recorded Assignment of Deed of Trust recorded on March 26, 2010 . . . to correct the full Assignee name." And, once again, a stay relief proceeding is a summary proceeding. To the extent the Debtor wishes to challenge the validity of the assignment, she can do so in the litigation pending in other forums.

right to initiate foreclosure supplied U.S. Bank with a colorable claim and independently satisfied the requirement of standing.

U.S. Bank also submitted evidence that, under state law, it was entitled to enforce the Note. Under California law, a person is entitled to enforce a note if it is the holder of the note. See Cal. Com. Code § 3301. A note, once endorsed in blank, is payable to bearer. Id. § 3109. Thus, a person in possession of a note endorsed in blank is a person entitled to enforce the note, regardless of whether they own the note. Id. § 3301.

Here, in support of its requested relief, U.S. Bank submitted a copy of an allonge to the Note, containing an endorsement in blank and the Pham declaration. Pham attested that U.S. Bank was in possession of the Note and that its possession was continuous from the time that it acquired the loan. Taken together, U.S. Bank showed that it was entitled to enforce the Note. This, alternatively, established a colorable claim and, thus, standing to seek stay relief.

**B. The bankruptcy court did not improperly align itself with U.S. Bank.**

The Debtor also argues that the bankruptcy court participated in the stay relief proceeding such that it aligned itself with U.S. Bank and, in the process, violated her due process rights. She contends that the bankruptcy court repeatedly coached U.S. Bank's counsel and provided detailed instructions and advice as to the information necessary to grant the bank's requested relief. We disagree.

7

Our review of the pertinent transcripts did not identify any impropriety. The record, instead, reflects that the bankruptcy court questioned standing, an issue raised by the Debtor, required an exacting level of proof on this topic, and, if anything, required more than the minimum as prescribed by case authority to establish standing. There is no evidence whatsoever that the bankruptcy court was hostile, aggressive, or threatening to the Debtor or that its comments were non-judicious or snide. Cf. Reyes Melendez v. I.N.S., 342 F.3d 1001, 1006-07 (9th Cir. 2003) (judge's demeanor towards petitioner violated due process).

There is no evidence that the bankruptcy court coached the U.S. Bank attorney as opposed to requiring additional proof from the bank. There is no authority for the suggestion that the Debtor had the right to a denial of the stay relief motion, without prejudice, when the bankruptcy court required supplemental evidence. Instead, the record reflects that the bankruptcy court acted appropriately as a neutral arbiter trying to make a fair evaluation of the evidence and law in reaching a decision.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court.