
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KAREN MICHELE ROZIER, | No. 13-60106 |
| Debtor, | BAP No. 12-1359 |
| KAREN MICHELE ROZIER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| U.S. BANK N.A., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Dunn, Bankruptcy Judges, Presiding

Submitted: December 9, 2015**

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Karen Michele Rozier appeals pro se from the Bankruptcy Appellate Panel's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BAP") judgment affirming the bankruptcy court's order granting U.S. Bank N.A.'s motion for relief from stay with respect to certain real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

U.S. Bank had standing to seek relief from the automatic stay with respect to certain real property because U.S. Bank established that it had a colorable claim to the property. *See Arkison v. Griffin* (*In re Griffin*), 719 F.3d 1126, 1128 (9th Cir. 2013) (per curiam) ("[B]ecause final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue."); *see also Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("Standing is a question of law that we review de novo.").

We reject Rozier's contentions regarding the alleged bias of the bankruptcy court judge and a member of the BAP.

Rozier's request for judicial notice is denied.

**AFFIRMED**.