**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GUILLERMINA AGUILAR,<br><br>Debtor.<br>_____<br><br>GUILLERMINA AGUILAR,<br><br>Appellant,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; et al.,<br><br>Appellees. | Nos. 15-60000<br>       15-60001<br><br>BAP Nos. 14-1071<br>              14-1073<br><br>MEMORANDUM[*] |

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Taylor, and Kurtz, Bankruptcy Judges, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Guillermina Aguilar appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's orders granting relief from the automatic stay and dismissing Aguilar's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by granting relief from the automatic stay because Ocwen Loan Servicing, LLC presented evidence establishing that it had a colorable claim to the property at issue. *See Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (per curiam) ("[B]ecause final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue."); *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) (setting forth standard of review).

Aguilar has waived any other challenge to the order lifting the automatic stay and any challenge to the bankruptcy court's order dismissing her adversary proceeding for lack of standing. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are

deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)

("We review only issues which are argued specifically and distinctly in a party's

opening brief.").

**AFFIRMED.**