NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: TIM VARELA, Sr.,<br><br>Debtor.<br>_____<br><br>TIM VARELA, Sr., AKA Timmy Varela, Sr., AKA Timmy Varela,<br><br>Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as Trustee on behalf of SASCO Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-MLN1,<br><br>Appellee. | No. 16-15920<br><br>D.C. No. 2:15-cv-02497-GMN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted September 26, 2017**

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Tim Varela, Sr. appeals pro se from the district court's judgment affirming the bankruptcy court's orders denying Varela's objection to Wells Fargo Bank N.A.'s proof of claim and granting Wells Fargo's motion for relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We may affirm on any ground supported by the record, *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008), and we affirm.

The bankruptcy court did not abuse its discretion by granting Wells Fargo's motion for relief from the automatic stay because Wells Fargo presented evidence establishing that it had a colorable claim to the property at issue. *See Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) ("[B]ecause final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue.").

The bankruptcy court properly denied Varela's objection to Wells Fargo's

2                                                                    16-15920

proof of claim because the evidence established that Wells Fargo had standing to enforce the claim as the holder of the note at issue and because Varela failed to present evidence rebutting the proof of claim's presumption of validity. *See* Nev. Rev. Stat. § 104.1201(u)(1) (defining "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"), § 104.3205 ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone[.]"), § 104.3301 (holder of a negotiable instrument is entitled to enforce it); *Grogan v. Garner*, 498 U.S. 279, 283 (1991) (state law determines the validity of creditor's claim in bankruptcy); *Diamant v. Kasparian (In re S. Cal. Plastics, Inc.)*, 165 F.3d 1243, 1247-48 (9th Cir. 1999) (proof of claim is prima facie evidence of claim's validity; "debtor must come forward with evidence to rebut the presumption of validity"); *see also Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (discussing requirements for prudential standing).

We do not consider Varela's contention that the bankruptcy court erred by failing to recuse itself. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**

3                                                                                     16-15920