**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  REYNALDO F. MARQUES, | No. 16-60095 |
| Debtor. | BAP No. 16-1116 |
| REYNALDO F. MARQUES, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| JAMES J. JOSEPH, Trustee; JPMORGAN CHASE BANK, N.A, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Pappas, and Kirscher, Bankruptcy Judges, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Chapter 7 debtor Reynaldo F. Marques appeals pro se from the judgment of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order granting JPMorgan Chase Bank, N.A. relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by granting relief from the automatic stay because JPMorgan Chase Bank, N.A. presented evidence establishing that it had a colorable claim to the property at issue. *See Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) ("[B]ecause final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue."); *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) (setting forth standard of review).

Marques has waived any other challenge to the order lifting the automatic stay. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

We reject as unsupported by the record Marques' unsupported contentions that the bankruptcy court lacked jurisdiction and violated due process.

**AFFIRMED**.

16-60095