**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: FAREED SEPEHRY-FARD, | No. 18-60034 |
| Debtor. | BAP No. 17-1118 |
| ------------------------------ | |
| FAREED SEPEHRY-FARD, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for GreenPoint Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-AR2, | |
| Appellee. | |

| | |
|---|---|
| In re: FAREED SEPEHRY-FARD, | No. 18-60035 |
| Debtor. | BAP No. 17-1123 |
| _____ | |
| FAREED SEPEHRY-FARD, | |
| Appellant, | |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S. BANK, N.A.,

          Appellee.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

In these consolidated appeals, Fareed Sepehry-Fard appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment dismissing in part, and affirming in part, the bankruptcy court's order granting U.S. Bank, National Association's ("U.S. Bank") motion for relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo the question of mootness. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007). We affirm.

The BAP properly dismissed as moot Sepehry-Fard's appeal of the bankruptcy court's ruling that the automatic stay terminated on March 31, 2017,

---

[**]      The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

because there was no longer any case or controversy after the bankruptcy case was dismissed and the dismissal became final. *See* 11 U.S.C. § 362(c)(2)(B); *Castaic Partners II, LLC v. Daca-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 969 (9th Cir. 2016) ("In a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy . . . ."); *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 964 (9th Cir. 1982) ("Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.").

The bankruptcy court did not abuse its discretion by granting in rem relief to U.S. Bank because the record supports the finding that such relief was warranted. *See* 11 U.S.C. § 362(d)(4) (setting forth requirements for in rem relief); *Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (setting forth standard of review and explaining that "a party seeking stay relief need only establish that it has a colorable claim to the property at issue").

We reject as without merit Sepehry-Fard's contentions that the BAP or the bankruptcy court lacked subject matter or personal jurisdiction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests, including all requests set forth in the consolidated opening brief, are denied.

**AFFIRMED.**