**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: VICTOR ORLANDO RIVERA, | No. 21-60001 |
| Debtor, | BAP No. 20-1024 |
| ------------------------------ | |
| VICTOR ORLANDO RIVERA, | MEMORANDUM* |
| Appellant, | |
| v. | |
| ARCPE 1, LLP, AKA ARCPE Holding, LLC, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Lafferty III, Bankruptcy Judges, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Rivera's request for oral argument, set forth in the reply brief, is denied.

Chapter 7 debtor Victor Orlando Rivera appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's grant of relief from the automatic stay to appellee ARCPE 1, LLP. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by granting ARPCE 1, LLP's motion for relief from the automatic stay because the record supports such relief and ARCPE 1, LLP established that it had a colorable claim to the property at issue. *See* 11 U.S.C § 362(d)(4) (setting forth requirements for in rem relief from the automatic stay); *Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (setting forth standard of review and explaining that "a party seeking stay relief need only establish that it has a colorable claim to the property at issue").

We reject as without merit Rivera's contention that the BAP retaliated against him.

**AFFIRMED.**