NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  VIEN-PHUONG THI HO,<br><br>     Debtor.<br><br>_____<br><br>VIEN-PHUONG THI HO,<br><br>     Appellant,<br><br> v.<br><br>HSBC BANK USA, N.A., DBA Mr. Cooper, as Trustee for Deutsche Alt- A Securities, Inc. Mortgage Pass-Through Certificates, Series 2007-1 as serviced by Nationstar Mortgage LLC,<br><br>     Appellee. | No. 23-55414<br><br>D.C. No. 2:22-cv-04194-GW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted November 20, 2024[**]

Before:  CANBY, TALLMAN, and CLIFTON, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Vien-Phuong Thi Ho appeals pro se from the district court's order affirming the bankruptcy court's order granting HSBC Bank USA, N.A.'s ("HSBC") motion for relief from the automatic stay and denying Ho's motion for a continuance. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo a district court's decision on appeal from a bankruptcy court and apply the same standard of review applied by the district court. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court did not abuse its discretion by granting HSBC's motion for relief from the automatic stay under 11 U.S.C. § 362(d)(4) because HSBC established its standing to seek relief from the automatic stay, and the bankruptcy court's determination that Ho had acted with intent to hinder, delay, or defraud creditors was not clearly erroneous. *See Arkinson v. Griffin (In re Griffin)*, 719 F.3d 1126, 1127 (9th Cir. 2013) (explaining that a creditor providing a copy of the note and a declaration establishing its possession of the original note is sufficient to confer standing to seek relief from an automatic stay); *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997) (explaining that whether a debtor acted with intent to hinder, delay, or defraud creditors is a finding reviewed for clear error); *Kronemyer v. Am. Contractors Indem. Co. (In re*

23-55414

*Kronemyer)*, 405 B.R. 915, 919 (9th Cir. BAP 2009) ("The decision of a bankruptcy court to grant relief from the automatic stay under § 362(d) is reviewed for an abuse of discretion.").

The bankruptcy court did not abuse its discretion by denying Ho's motion for a continuance because its determination that discovery on HSBC's standing was unnecessary was neither arbitrary nor unreasonable. *See Bearchild v. Cobban*, 947 F.3d 1130, 1138 (9th Cir. 2020) (standard of review).

We reject as unsupported by the record Ho's contention that the bankruptcy court did not enter factual findings and conclusions of law.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**